UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:13-CR-170-RGJ

TONY TRUMBO, JR Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Tony Trumbo, Jr. ("Trumbo"), pro se, moves this Court for a compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) bason on the "gross disparity between his sentence and the sentence he would likely receive today for the same offense, the drastic change in the charging and sentencing landscape since he was last sentenced, the length of time he has spent incarcerated [and] his post-offense rehabilitation." [DE 531 at 5329 (cleaned up)]. The United States has responded. [DE]. For the reasons below, Trumbo's motion for compassionate release [DE 531] is **DENIED**.

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (describing statutory changes to exhaustion process). This exhaustion requirement is waivable, not jurisdictional—but becomes "mandatory" if the Government invokes it. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Taylor*, No. 20-3642, 2020 WL 7383648, at *1 (6th Cir. Nov. 9, 2020). It is the defendant's

burden to show that he has exhausted his administrative remedies. *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

Trumbo states that he requested compassionate release from the BOP warden at his place of incarceration based on his statements in his pro se motion but provides no additional documentation or dates of the request. [DE 531 at 5332]. The United States responds that the BOP "confirmed that Trumbo has not submitted a compassionate release request to FCI Jesup, the prison where he is currently housed." [DE 538 at 5364]. The Court cannot consider Trumbo's request without written documentation or other confirmation of administrative exhaustion because exhaustion is a mandatory requirement. *Alam*, 960 F.3d 831, 833-34. Thus the Court must deny his motion.

**CONCLUSION**

For all the reasons set forth above, and the Court being otherwise sufficiently advised, IT **IS ORDERED** that Defendant Trumbo's Motion for Compassionate Release [DE 531] is **DENIED**.

November 19, 2026

Rebecca Grady Jennings, District Judge
United States District Court

cc: Defendant, *pro se*